# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRUCE PORCELL, an individual, and all
others similarly situated,

        Plaintiff,

    vs.                                  CASE NO. CIV-08-0617 MCA/LFG

LINCOLN WOOD PRODUCTS, INC. and
DOES 1 through 10 inclusive,

        Defendant.

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

        Plaintiff Bruce Porcell ("Porcell") and defendant Lincoln Wood Products, Inc. ("Lincoln") jointly request that the Court enter this proposed protective order pursuant to Fed. R. Civ. P. 26(c), for the following reasons and on the following terms:

        1.      Porcell and Lincoln agree that discovery in this case is likely to require disclosure, by the parties and possibly by third parties, of documents and information that are sensitive and private, and/or that contain trade secrets or other confidential research, development, commercial or financial information.  For example, Lincoln, a privately-owned manufacturer of custom windows and doors, may be required to disclose documents and information about research and development of its products, the manner in which it sets prices for its products, marketing strategies and techniques and its finances, all of which are highly confidential and sensitive in the very competitive wood window industry.  Porcell may be required to disclose personal financial information that he considers private and confidential.  The parties agree that public disclosure of

MADI_1663740.1

such documents and information would cause unnecessary harm, and that good cause exists for this protective order pursuant to Fed. R. Civ. P. 26(c).

2. Any party in this action, and any third party providing discovery in this action, may designate any document, thing or information as "Confidential" if it contains or comprises private, non-public information, a trade secret or other confidential research, development, commercial or financial information ("Confidential Information"). The parties agree to limit their designations to documents and information which they reasonably believe require confidential treatment. All designated Confidential Information shall be governed by this stipulated protective order.

3. Absent an order by the Court to the contrary, the recipients of Confidential Information shall not disclose any Confidential Information except as permitted by this stipulated protective order, and shall use Confidential Information solely in connection with this case (the "Litigation"), and not for any other purpose or function, including any other litigation.

4. Designation of documents as Confidential Information shall be made by marking each confidential page "Confidential" at the time copies are produced, or by notifying counsel for the receiving party within ten (10) days after production that particular produced documents or portions thereof are designated as "Confidential". In the case of testimony, the designation shall be made by designating the confidential portion on the record, or by notifying counsel for the other party within ten (10) days after the transcript is received that particular testimony is designated as "Confidential".

5. Confidential Information, including copies or extracts thereof and the information contained therein, may be given, shown or communicated by the recipient only to the following:

(1) the parties to the Litigation; (2) counsel for the parties to the Litigation and persons regularly employed in the offices of such counsel; (3) court personnel, including but not limited to court reporters; (4) experts and consultants retained for purposes of the Litigation who have signed an acknowledgement stating that they have read the terms of this stipulated protective order and agree to abide by them, in the form attached hereto as Exhibit "A;" (5) outside copy services, solely for purposes of making copies for use in the Litigation; (6) deposition and trial witnesses in connection with their testimony; and (7) persons already or previously in possession of the Confidential Information through legitimate and lawful means.

6. All documents submitted to the Court which attach, quote from or refer to Confidential Information shall be filed separately in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and an appropriate designation regarding the confidential nature of the contents.

7. Either of the parties may request that any Court hearing in which Confidential Information is described or referred to be conducted in such a way as to preserve the confidentiality of the Confidential Information. The Court shall rule on any such requests as it deems appropriate in its discretion.

8. A party may move the Court for a ruling that specified documents or testimony designated as "Confidential" are not entitled to confidential status. Any such motion shall be filed under seal.

9. Inadvertent failure to designate documents or information as Confidential Information shall not be deemed a waiver of confidentiality with regard to the specific documents or information not designated, or with regard to other documents or information.

Any such inadvertent failure to designate may be cured by providing notice, within a reasonable period of time after the failure to designate is discovered, that the previously-produced documents or information are designated as Confidential Information. The receiving party shall then treat the Confidential Information in accordance with the provisions of this stipulated protective order. The producing party shall provide copies of the newly designated documents or information with the appropriate marking or designation as provided above in paragraph 4.

10. If a party inadvertently produces documents or information which that party believes is subject to a claim of attorney-client privilege, work product immunity or any other privilege or immunity, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, the claim of privilege, work product or other privilege or immunity. Upon request, any such inadvertently produced documents or information shall be returned promptly to the producing party and all copies destroyed.

11. Within thirty (30) days after final termination of the Litigation, including any appeals or other proceedings, the originals and all copies of Confidential Information shall be either provided to counsel for the producing party or destroyed, at the option of the party in possession of the Confidential Information, and that party shall provide written confirmation of the return or destruction. Notwithstanding the above, the non-producing party's counsel may retain a copy of the Confidential Information for a period of five (5) years after the final termination of the Litigation, so long as they comply with the other requirements of this protective order. If the non-producing party's counsel chooses to retain a copy of the Confidential Information during this five-year period of time, at the end of this period of retention, the originals and all copies of Confidential Information shall be either provided to

counsel for the producing party or destroyed, at the option of the party in possession of the Confidential Information, and that party shall provide written confirmation of the return or destruction.

12. The termination of the Litigation shall not relieve the parties or any person described in paragraph 5 from the obligation of complying with this stipulated protective order with respect to materials designated as "Confidential" which they received; provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

Dated: October 21, 2008    STRANGE & CARPENTER
*Attorneys for Plaintiff*

            s/ Gretchen Carpenter
Brian Strange
Gretchen Carpenter
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA   90025
(310) 207-5055
gcarpenter@strangeandcarpenter.com
lacounsel@earthlink.com

EAVES & MENDENHALL, P.A.
*Attorneys for Plaintiff*

            s/ Karen S. Mendenhall
Karen S. Mendenhall
6565 Americas Parkway, N.E., Suite 950
Albuquerque, New Mexico 87110
(505) 888-4300
kmendenhall@eb-b.com

FOLEY & LARDNER LLP
*Attorneys for Defendants Lincoln Wood Products, Inc.*


      s/ Michael D. Leffel
Gordon Davenport III  WI Bar No. 1013931
Michael D. Leffel  WI Bar No. 1032238
Verex Plaza
Post Office Box 1497
Madison, WI 53701-1497
(608) 258-4216
gdavenport@foley.com
mleffel@foley.com

MOSES, DUNN, FARMER & TUTHILL


      s/ Terry D. Farmer
Terry D. Farmer
612 First Street NW
P.O. Box 2704
Albuquerque, NM  87125-7047
(505) 843-9440
terry@moseslaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRUCE PORCELL, an individual,
And all others similarly situated,

    Plaintiff,

vs.

LINCOLN WOOD PRODUCTS, INC.

and

DOES 1 through 10, inclusive,

    Defendants.

## PROTECTIVE ORDER

**THIS MATTER**, having come before the Court upon the joint Unopposed Motion for Protective Order filed by Plaintiff Bruce Porcell and Defendant Lincoln Wood Products, Inc. and the Court **FINDING** that said Motion is well taken and that good cause has been shown for entry of a protective order on the terms set forth in said Motion,

**IT IS THEREFORE ORDERED** that the Unopposed Motion for Protective Order is hereby granted and adopted as the Order of this Court, all terms and conditions of which being incorporated by reference as though fully set forth herein.

_____
**LORENZO F. GARCIA**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

| **Submitted by:** | **Approved by:** |
|---|---|
| MOSES, DUNN, FARMER & TUTHILL, P.C.<br><br>        /s/ Terry D. Farmer        <br>Terry D. Farmer<br>Attorneys for Lincoln Wood Products, Inc.<br>P.O. Box 27047<br>Albuquerque, NM   87125-7047<br>(505) 843-9440<br>terry@moseslaw.com | EAVES & MENDENHALL, P.A.<br><br>        /s/ Karen S. Mendenhall        <br>Karen S. Mendenhall<br>Attorneys for Plaintiff Bruce Porcell<br>6565 Americas Parkway, N.E., Suite 950<br>Albuquerque, New Mexico 87110<br>(505) 888-4300<br>kmendenhall@eb-b.com |
| FOLEY & LARDNER LLP<br><br>        /s/ Michael D. Leffel        <br>Gordon Davenport III<br>Michael D. Leffel<br>Attorneys for Lincoln Wood Products, Inc.<br>Verex Plaza<br>150 East Gilman Street<br>Madison, WI 53703-1481<br>Post Office Box 1497<br>Madison, WI 53701-1497<br>(608) 258-4216<br>gdavenport@foley.com<br>mleffel@foley.com | STRANGE & CARPENTER<br><br>        /s/ Gretchen Carpenter        <br>Brian Strange<br>Gretchen Carpenter<br>Attorneys for Bruce Porcell<br>12100 Wilshire Boulevard, Suite 1900<br>Los Angeles, CA  90025<br>(310) 207-5055<br>lacounsel@earthlink.net<br>gcarpenter@strangeandcarpenter.com |

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

BRUCE PORCELL, an individual, and all
others similarly situated,

        Plaintiff,

    vs.                         CASE NO. CIV-08-0617 MCA/LFG

LINCOLN WOOD PRODUCTS, INC. and
DOES 1 through 10 inclusive,

        Defendant.

### ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have reviewed the stipulated protective order ("Order") entered by the Court in this case, and that I am barred by the terms of the Order from divulging any designated Confidential Information (as that term is defined in the Order) which I receive, including the contents of any such Confidential Information, to any person except as specifically provided in the Order. I agree to the following limitations upon the use and disclosure of any Confidential Information with which I am provided:

    1.    The Confidential Information shall be used by me solely in connection with the proceedings in the above-entitled action and for no other purpose;

    2.    Upon request, I will immediately return any Confidential Information which has been provided to me, and all copies thereof, to the attorney who provided it to me.

I understand that violation of any of the provisions of the Order or this Acknowledgement may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated this _____ day of _____, _____.

_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to counsel for plaintiff at their email addresses below:

> Karen S. Mendenhall
> Eaves & Mendenhall, P.A.
> 6565 Americas Parkway, N.E., Suite 950
> Albuquerque, New Mexico 87110
> kmendenhall@eb-b.com
>
> Brian Strange and Gretchen Carpenter
> Strange & Carpenter
> 12100 Wilshire Boulevard, Suite 1900
> Los Angeles, CA  90025
> lacounsel@earthlink.net
> gcarpenter@strangeandcarpenter.com

> /s/ Michael D. Leffel
> Michael D. Leffel
> FOLEY & LARDNER LLP
> 150 E. Gilman Street
> Madison, WI 53703
> (608) 258-4216 Telephone
> (608) 258-4258 Facsimile
>
> *Attorney for Defendant Lincoln Wood Products, Inc.*